*431 OPINION.
Black :
The petitioner bases its claim for the deduction of $10,000 as a loss upon section 234 (a) (4) of the Revenue Act of 1918. This section provides that in computing net income there shall be allowed as a deduction “losses sustained during the taxable year and not compensated for by insurance or otherwise if incurred in trade or business.” The respondent has denied the claim upon the ground that it is not deductible as a loss under the provisions of the revenue act above cited.
In the concluding paragraph of article 142 of Regulations 45, relating to the income tax, war-profits and excess-profits tax under the Revenue Act of 1918, on page 64, the Commissioner of Internal Revenue says:
When a taxpayer buys real estate upo-n which is located a building which he proceeds to raze with a view to erecting thereon another building, it will be considered that the taxpayer has sustained no deductible loss by reason of the demolition of the old building and no deductible expense on account of the cost of such removal, the value of the real estate, exclusive of old improvements, being presumably equal to the purchase price of the land and building plus the cost of removing the useless building.
We think the above cited regulation sets forth a sound rule, but whether or not a loss is sustained by a taxpayer as a result of the demolition of the whole or part of the building must be decided in light of the facts in any given case, and any presumption arising from the acts of the taxpayer in proceeding to raze the building and erecting a new one, that taxpayer sustained no deductible loss, is rebutted by showing that the purpose of taxpayer in so purchasing the building was with a view of the actual use of a part of the building and for a fixed and definite purpose and that he was not able so to use it because of latent defects which were not discovered at the time of purchase. Our opinion is that the facts in this case show that the petitioner purchased the property in question with the full intent of using a part of the building in the remodeled structure which it intended to use as a location for its business, and that the portion which petitioner so intended to use was of the value of $10,000 for such use, and that the necessary demolition of such part resulted in a loss to taxpayer in 1920 of said $10,000, except $1,750, which was the value of the foundation of the old building which he used and the material which he was able to salvage. There is some testimony in the record that the cost of tearing down the portion of the building which it was not intended to tear down at the time it was purchased was equal to the cost of the foundation saved and the value of the material salvaged, but we find that the evidence offered in this respect is not sufficient to establish that contention.
*432 Our conclusion follows that petitioner did sustain a loss in the taxable year 1920 amounting to $8,250 and that such loss is deductible under section 234 (a) (4) of the Revenue Act of 1918. Winter Garden,, Inc., 10 B. T. A. 71; Southern Amusement Co., 14 B. T. A. 300; Arthur H. Ingle, 1 B. T. A. 595; Multibestos Co., 6 B. T. A. 1060; First National Bank of Evanston, Wyo., 1 B. T. A. 9.

Judgment will be entered under Rule 50.